UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| NICOLE ANNA STEWART, | ) | No. CV 14-326 DOC (FFM) |
| Petitioner, | ) ) ) | ORDER RE SUMMARY DISMISSAL OF ACTION WITHOUT PREJUDICE |
| v. | ) ) | |
| WARDEN, | ) ) | |
| Respondent. | ) ) | |

On January 14, 2014, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"). The Petition does not raise any particular federal ground for challenging petitioner's conviction, but states that petitioner did not understand the charges or crime.

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. *Rose v. Lundy*, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute now explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the

exhaustion requirement is to be waived, it must be waived expressly by the State, through counsel. *See* 28 U.S.C. § 2254(b)(3).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts, and be disposed of on the merits by the highest court of the state. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995); *Picard v. Connor*, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996). A federal court may raise the failure to exhaust issues *sua sponte* and may summarily dismiss on that ground. *See Stone v. San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992); *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (*per curiam*); *see also Granberry v. Greer*, 481 U.S. 129, 134-35, 107 S. Ct. 1671, 95 L. Ed. 2d 119 (1987).

Petitioner has the burden of demonstrating that she has exhausted available state remedies. *See, e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3rd Cir. 1982). Here, it plainly appears from the face of the Petition that petitioner cannot meet this burden with respect to her claim. Petitioner alleges that she has not filed any appeal of her conviction or habeas petition in state court with respect to her claim. (Petition at ¶ 3.)

Because petitioner has not raised her present claim with the California Supreme Court, the Petition is unexhausted.

If it were clear that petitioner is raising a federal claim and that the California Supreme Court would hold that petitioner's unexhausted federal claim was procedurally barred under state law, then the exhaustion requirement would be satisfied. In that event, although the exhaustion impediment to consideration of petitioner's claim on the merits would be removed, federal habeas review of the

1  claim would still be barred unless petitioner could demonstrate "cause" for the
2  default and "actual prejudice" as a result of the alleged violation of federal law, or
3  demonstrate that failure to consider the claims would result in a "fundamental
4  miscarriage of justice." *See Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct.
5  2546, 115 L. Ed. 2d 640 (1991). However, it is not "clear" here that petitioner is
6  raising a federal claim or that the California Supreme Court will hold that
7  petitioner's federal claim is procedurally barred under state law. *See, e.g., In re*
8  *Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner
9  claimed sentencing error, even though the alleged sentencing error could have
10 been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405
11 (1952) (noting that claims that fundamental constitutional rights have been
12 violated may be raised by state habeas petition).
13    The Court therefore concludes that this is not an appropriate case for
14 invocation of either exception to the exhaustion requirement regarding the
15 existence of an effective state corrective process.
16    Therefore, the Petition is subject to dismissal.
17    IT IS THEREFORE ORDERED that this action be summarily dismissed
18 without prejudice, pursuant to Rule 4 of the Rules Governing Section 2254 Cases
19 in the United States District Courts.
20    LET JUDGEMENT BE ENTERED ACCORDINGLY.

22 Dated: January 30, 2014       _____
23                                DAVID O. CARTER
                                  United States District Judge

25 Presented by:

27    /S/ FREDERICK F. MUMM
      FREDERICK F. MUMM
28    United States Magistrate Judge